## JOHN HART v. MATHEW SMITHSON.

**Compromise and Settlement—Execution of Compromise—Circumstances —As to Binding Effect—Question for Jury.**
> The question as to whether or not the writing purporting to compromise the action was executed under such circumstances as to render it of no binding force was properly submitted to the jury.

**Malicious Prosecution—Probable Cause—Instruction Defining.**
> Probable cause, being a question of law as well as of fact, should
>
> be defined by the court in its instructions to the jury.

### APPEAL FROM FAYETTE CIRCUIT COURT. .... ....

### December 15, 1870.

OPINION BY JUDGE LINDSAY:

The question as to whether or not the writing purporting to compromise this action was executed under such circumstances as to render if of no binding force or effect upon Smithson, was properly-submitted to the jury, hence the court did not err in refusing to dismiss the action upon the filing of this paper.

The petition charged and the answer admitted every fact that could have been proven by the records of the examining court if the same had been before the jury. The court did not err to the prejudice of appellant in permitting the magistrate who held the examining court to speak of facts admitted to be true by the appellant, and whilst if denied could only have been proved by record evidence. The bill of exceptions fails to show which of the instructions asked for by the appellant were given or refused.

We must, therefore, presume that the court gave all that correctly embodied the law applicable to the case.

The 2d, 3d and 4th instructions given at the instance of appellee, qualified as they are by instructions No. 5 and 6 asked for by appellant and which as before stated, we must presume were given, are unexceptionable. "Probable Cause," being a question of law as well as of fact, ought to have been defined by the court, but as neither party asked an instruction upon this point and both parties used the terms in instructions asked for by them and given at their instance, we do not regard the failure

of the court to grant such definition of its own motion such an error as will warrant a reversal by this court.

Perceiving no available error in the record the judgment must be affirmed.

The chief justice does not concur in the affirmance of the judgment, but would reverse it, especially for the admitted error in the instruction for the appellee refering to the jury the decision of the law as well as of the "facts of probable cause," which, in his opinion, was neither cured nor waived by the appellant's negative instruction without defining probable cause.

*Huston & Mulligan, for appellant.*

*Breckenridge, Buckner, for appellee.*